**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

---

AZIZA ASSED,

      Plaintiff,

    vs.                             No. 1:21-cv-1033-WJ-JFR

CREDITONE, L.L.C.,
GUGLIELMO AND ASSOCIATES,
and ELIZA GUGLIELMO,

      Defendants.

## <u>MEMORANDUM OPINION AND ORDER GRANTING IN PART and DENYING IN PART DEFENDANTS' PARTIAL MOTION TO DISMISS</u>

**THIS MATTER** is before the Court on Defendants Eliza Guglielmo and Guglielmo & Associates' Motion to Dismiss Counts I and IV of Plaintiff's First Amended Complaint (Doc. 31). This case arises from Plaintiff's allegation that CreditOne, through counsel Eliza Guglielmo and Guglielmo & Associates ("Defendants"), wrongfully procured a court order garnishing Ms. Assed's wages after her ex-husband breached an installment sales contract with Chrysler Capital. Plaintiff asserts in Count I that Defendants "knowingly and deliberately committed fraud in requesting a Writ of Garnishment" against Plaintiff's employer and in Count IV that Defendants violated provisions of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et. seq*. Defendants move to dismiss Count I for failure to satisfy the pleading standard and Count IV as time-barred under the FDCPA statute of limitations. The Court finds that Plaintiff plausibly asserted a claim for relief in Count I and failed to state a claim in Count IV. Defendants' Motion to Dismiss is therefore **GRANTED IN PART and DENIED IN PART**.

## FACTUAL BACKGROUND

Aziza Assed and Yousef Assed married in September 2006 and divorced in September 2017. Doc. 23-1 ("First Amended Complaint," hereinafter "Complaint") at 2.[1] At some point during their marriage, Yousef Assed entered into a retail installment sales contract with Chrysler Capital on behalf of himself and Ms. Assed. Ms. Assed alleges she was unaware of the contract and Yousef forged her signature when executing it. *Id.* Apparently Yousef Assed failed to make the required payments, and on October 20, 2016, CreditOne filed a complaint in New Mexico state court for breach of contract. *Id.* CreditOne's attorneys, Eliza Guglielmo and Guglielmo & Associates, prepared the complaint and named Yousef and Aziza Assed as defendants. *Id.*

On March 10, 2017, Eliza Guglielmo and Guglielmo & Associates moved for default judgment against Yousef Assed only. Doc. 35-1 at 3.[2] Five months later, the state court issued a default judgment against Yousef Assed. *Id.* In March 2019, Ms. Assed asserts the court issued a disposition order against CreditOne for lack of prosecution and dismissed CreditOne's claims against Aziza Assed. Doc. 23-1 at 3. In early 2020, CreditOne applied for and obtained a Writ of Garnishment against Yousef Assed to satisfy the judgment. In CreditOne's application for the Writ of Garnishment, Eliza Guglielmo and Guglielmo & Associates certified that they had reason to believe, and did believe, that The Gap, Inc. ("The Gap") held or controlled property belonging to

---

[1] Plaintiff filed a Motion for Leave to Amend her complaint on February 18, 2022, and attached her proposed amended complaint as an exhibit. Doc. 23. When the Magistrate Judge granted Plaintiff leave to amend, she further ordered that Plaintiff's proposed First Amended Complaint "shall be deemed filed." Doc. 28. It is thus the operative version of Plaintiff's Complaint.

[2] When ruling on a motion to dismiss, the Court may consider outside documents subject to judicial notice, including court documents and matters of public record. *Tal v. Hogan,* 453 F.3d 1244, 1265 n.24 (10th Cir. 2006). The Court may also consider outside documents that are both central to the plaintiff's claim and referred to in the complaint. *GFF Corp. v. Associated Wholesale Grocers,* 130 F.3d 1381, 1384 (10th Cir. 1997). Plaintiff referred to several state court documents as exhibits in her proposed amended complaint but neglected to attach them. Plaintiff attached those exhibits to her response to Defendants' Motion to Dismiss. *See* Docs. 35-1 to 35-7. Plaintiff refers to most of the documents in her Complaint and all but Doc. 35-7 are court documents entered into the docket of a New Mexico state civil action. Accordingly, the court may appropriately consider Docs. 35-1 through 35-6.

Yousef Assed. Doc. 35-2. CreditOne's application for a Writ of Granishment, the Writ of Garnishment itself, and the The Gap's answer to the writ all identified "Yousef Assed & Aziza Assed" as the "Defendant" in the case caption, even though Ms. Assed asserts the claims against her had already been dismissed. *See* Docs. 35-2 through 35-5.

Ms. Assed asserts "[a]ny due diligence would have shown that [she] had long been divorced from Yousef Assed and that Yousef Assed had no association to The Gap, Inc." Doc. 23-1 at 3. She further asserts that Defendants Eliza Guglielmo and Guglielmo & Associates fraudulently obtained the Writ of Garnishment against Ms. Assed's employer to satisfy the judgment against her ex-husband, Yousef Assed. In sum, Ms. Assed claims Defendants intentionally misrepresented that The Gap owned or controlled property belonging to Yousef Assed, which caused The Gap to garnish her wages to satisfy a judgment that was not against her. Ms. Assed asserts she has "suffered significant financial losses, emotional distress, and damage to her reputation" as a result. *Id.* at 4.

## LEGAL STANDARD FOR MOTION TO DISMISS

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Plaintiff's obligation to provide grounds for her entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 545. "Threadbare

recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

In reviewing a motion to dismiss, the Court must assume all the complaint's factual allegations are true, but it is not bound to accept as true legal conclusions, including any "legal conclusion couched as a factual allegation." *Id.* at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Accordingly, the Court "should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011). In deciding whether the plaintiff's stated claim for relief is adequate, the Court views "the totality of the circumstances as alleged in the complaint in the light most favorable to [the plaintiff]." *Jones v. Hunt*, 410 F.3d 1221, 1229 (10th Cir. 2005). The essential question is whether the plaintiff has nudged her claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## DISCUSSION

Defendants Eliza Guglielmo and Guglielmo & Associates move to dismiss two claims. First, Defendants argue Ms. Assed failed to state a fraud claim against Eliza Guglielmo and Guglielmo & Associates in Count I with sufficient specificity. Second, Defendants argue Ms. Assed's FDCPA claim is time-barred under the statute-of-limitations. The Court addresses each argument in turn.

### I.    Ms. Assed stated a plausible fraud claim against Defendants.

In Count I, Ms. Assed claims Defendants "knowingly and deliberately committed fraud in requesting and obtaining a Writ of Garnishment against The Gap., Inc. under the false pretense that it was for the judgment debtor Yousef Assed, when [they] knew the entity being garnished had nothing to do with Yousef Assed, but was instead the employer of Plaintiff." Doc. 23-1 at 4.

Defendants argue Ms. Assed failed to allege facts necessary to plausibly plead her claim. The Court disagrees.

> To maintain an action for fraud, a Plaintiff must show:
>
> (1) a misrepresentation of fact, (2) either knowledge of the falsity of the representation or recklessness on the part of the party making the misrepresentation, (3) intent to deceive and to induce reliance on the misrepresentation, and (4) detrimental reliance on the misrepresentation.

*Williams v. Stewart,* 2005–NMCA–061, ¶ 34, 137 N.M. 420.[3] Furthermore, when asserting a fraud claim in federal court, "a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). To comply with Federal Rule of Civil Procedure 9(b), the complaint must "set forth the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000). However, Rule 9(b) does not require specific knowledge regarding the Defendant's state of mind, which may be alleged generally. *Two Old Hippies, LLC v. Catch the Bus, LLC*, 784 F.Supp.2d 1200, 1208 (D.N.M. 2011). After considering Ms. Assed's factual allegations, the elements of fraud, and the pleading standard, the Court concludes Ms. Assed asserted a plausible fraud claim against Defendants.

First, Ms. Assed plausibly alleges a misrepresentation of fact that satisfies the first element of fraud. Ms. Assed asserts Defendants made two false representations when filing their application for a Writ of Garnishment against Yousef Assed on behalf of CreditOne. First, Ms. Assed claims Defendants included her name under the "Defendant" heading in the case caption on CreditOne's Writ of Garnishment application even though CreditOne's claims against her were

---

[3] The Court will apply New Mexico state substantive law and federal procedural law because this case was removed to federal court based on diversity jurisdiction and Plaintiff's fraud claim sounds in New Mexico state law. *See Racher v. Westlake Nursing Home Ltd. P'ship,* 871 F.3d 1152, 1162 (10th Cir. 2017) ("[f]ederal courts sitting in diversity must apply state substantive law in order to discourage forum shopping and to avoid inequitable administration of the respective state and federal laws."); *see also* Doc. 1-2 (stating basis of jurisdiction is diversity).

dismissed for lack of prosecution nearly a year earlier. Second, and more importantly, Ms. Assed claims Defendants certified they had reason to believe and actually believed The Gap controlled money or property belonging to the judgment debtor—identified as Yousef Assed. Both of Ms. Assed's assertions are consistent with the underlying state court record:

Creditone Llc , Plaintiff

vs.                                                COURT No. D-202-CV-2016-06579

Yousef Assed & Aziza Assed, Defendant

### APPLICATION FOR WRIT OF GARNISHMENT

The judgment creditor, Creditone Llc  states:

(1)  The judgment creditor has a judgment dated May 16, 2017 against the judgment debtor whose name is Yousef Assed, and whose last known address is 14212 Turner Pl NE, Albuquerque NM 87123.

(8)  I have reason to believe, and do believe, that the garnishee, THE GAP, INC. 4400 Masthead ST NE Ste 300 2 FOLSOM STREET, Albuquerque NM 87109 San Francisco CA 94105 holds or controls money or personal property which belongs to the judgment debtor or is indebted to the judgment debtor.

Therefore judgment creditor requests a Writ of Garnishment.

/s/ Eliza A. Guglielmo
#CAID #16/259
Guglielmo & Associates, PLLC
Attorney for Plaintiff
PO Box 41688
Tucson, AZ 85717
(877) 325-5700

Doc. 35-2. Moreover, Ms. Assed asserts "[a]ny due diligence would have shown that Aziza Assed had long been divorced from Yousef Assed and that Yousef Assed had no association to The Gap, Inc." Doc. 23-1 at 3. Taking as true Ms. Assed's factual allegation that Yousef Assed was never employed by and otherwise had no connection to The Gap, it is plausible to conclude Defendants had no reason to believe, or did not believe, that The Gap controlled Yousef Assed's money or property. Defendants' certification in paragraph 8 of the application would therefore be a misrepresentation of fact and the first element of fraud is plausibly pleaded.

Second, it is plausible to conclude Defendants acted recklessly in certifying they had reason to believe The Gap held or controlled Yousef Assed's money or property. "Recklessness is the intentional doing of an act with utter indifference to the consequences." *Baldonado v. El Paso*

*Natural Gas Co.*, 2008-NMSC-005, ¶ 37, 143 N.M. 297. Ms. Assed's allegations suggest Defendants certified to a court, in an application to garnish wages, that they had a basis to believe The Gap held Yousef Assed's money or property. Ms. Assed's complaint also asserts that a simple records check would reveal Yousef Assed never worked at The Gap and instead it was Ms. Assed who worked there. Doc. 23-1 at 4. There is no dispute that Defendants acted intentionally by filing an application for a Writ of Garnishment against Yousef Assed. *See* Doc. 35-2. The factual allegations in Ms. Assed's complaint further suggest Defendants acted with utter indifference either by: (1) performing no investigation into Yousef Assed's connection to The Gap whatsoever; or (2) intentionally attempting to recover Yousef Assed's debt from Ms. Assed's employer. In either case, Ms. Assed alleges facts sufficient to plausibly suggest Defendants acted recklessly in certifying they had reason to believe The Gap was an appropriate garnishee for Yousef Assed's debt, and the second element of fraud is plausibly pleaded.

Third, Ms. Assed's allegations are sufficient to support an inference that Defendants intended to deceive and induce reliance on their misrepresentation. Ms. Assed asserts that Defendants are attorneys specializing in the collection of consumer debts who are regularly engaged by creditors to collect debts owed in court. Doc. 23-1. Defendants represented CreditOne in the underlying state court lawsuit to collect Yousef Assed's debt. As such, Defendants were incentivized to obtain a court order to garnish wages to satisfy Yousef Assed's debt. It is undisputed that Defendants intentionally applied for a Writ of Garnishment and intended that the court rely on their representations in the application to issue a writ. Ms. Asssed further theorizes Defendants intentionally or recklessly misrepresented they had a basis to believe The Gap held or controlled Yousef Assed's money. While Ms. Assed does not present specific facts indicating Defendants had actual knowledge Yousef Assed was unaffiliated with The Gap, she does assert

such information was easily accessible, especially for an entity experienced in consumer debt collection. Moreover, Ms. Assed need not plead specific knowledge establishing Defendants' states of mind at the motion to dismiss stage. *Two Old Hippies, LLC*, 784 F.Supp.2d at 1208. It is enough that Ms. Assed's factual allegations, if proven, "would logically support an inference that defendant[s] intentionally deceived" the court and would thereby satisfy the third element of fraud. *Oppenheimber v. Novell, Inc.*, 851 F. Supp. 412, 415 (D. Utah 1994).

Fourth, Ms. Assed plausibly alleges the state court relied upon Defendants' misrepresentation to Ms. Assed's detriment. "[T]o recover in fraud, [p]laintiffs must establish that they suffered damages that were proximately caused by justifiable reliance on [Defendants'] misrepresentation . . ." *Cain v. Champion Window Co. of Albuquerque, LLC*, 2007-NMCA-085, ¶ 22, 142 N.M. 216. Defendants allegedly misrepresented that The Gap held or controlled Yousef Assed's wages. Based upon that misrepresentation, the New Mexico court issued a Writ of Garnishment. Doc. 23-1 at 4. As a result of the writ's issuance, Ms. Assed asserts her wages were withheld by The Gap and diverted to CreditOne "in an amount to be proved at trial." Doc. 23-1. at 5-6. She further asserts she "suffered significant financial losses, emotional distress, and damage to her reputation." *Id.* at 4. Taking as true Ms. Assed's factual representations, she has plausibly alleged the fourth element of fraud.

Finally, Ms. Assed's claim satisfies the heightened pleading standard imposed by Rule 9(b). The Tenth Circuit requires that fraud claims "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Koch*, 203 F.3d at 1236. Ms. Assed's Complaint alleges Defendants Eliza Guglielmo and Guglielmo & Associates falsely represented that they had reason to believe The Gap held money or property belonging to Yousef Assed on CreditOne's application for a Writ of Garnishment. Ms.

Assed attached a copy of the application with the alleged misrepresentation, filed with the Second Judicial District Court in Bernalillo County, New Mexico on November 20, 2019, at 12:59 pm. Doc. 35-2. Ms. Assed's complaint also states The Gap garnished her wages and she suffered emotional distress and damage to her reputation. Doc. 23-1 at 4. Ms. Assed's complaint thereby affords Defendants "fair notice of plaintiff's claims and the factual ground upon which they are based," satisfying Rule 9(b). *Koch*, 203 F.3d at 1236-37 (citation omitted).

For the foregoing reasons, Ms. Assed has stated a plausible fraud claim against Defendants. Although Ms. Assed does not plead specific knowledge of Defendants' intent to deceive, a plaintiff need not establish every element of a prima facie case in her complaint to survive a Rule 12(b)(6) Motion to Dismiss. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). At this stage in the proceeding, the Court concludes Ms. Assed has alleged sufficient facts to support her fraud claim against Defendants in Count I.

## II.     Ms. Assed's FDCPA claim is time-barred.

In Count IV, Ms. Assed asserts Defendants violated the FDCPA by obtaining a Writ of Garnishment from her employer to satisfy the judgment against Yousef Assed. Specifically, Ms. Assed claims Defendants made a "false, deceptive or misleading representation" to collect Yousef Assed's debt, used a "business, company, or organization name other than the true name of the debt collector's business, company, or organization, and collected money not "expressly authorized by the agreement creating the debt." 15 U.S.C. §§ 1692(e) and 1692(f)(1).

Defendants move to dismiss Ms. Assed's FDCPA claim solely on the basis that it is time-barred under § 1692(k). The Court agrees.

The FDCPA has a one-year statute of limitations:

An action to enforce any liability created by this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy,

or in any other court of competent jurisdiction, within one year from the date on which the violation occurs.

15 U.S.C. § 1692(k)(d). "[S]eparate communications can create separate causes of action arising from collection of a single debt." *Solomon v. HSBC Mortg. Corp.*, 395 F. App'x. 494, 497 (10th Cir. 2010). Thus, "[f]or statute-of-limitations purposes, discrete violations of the FDCPA should be analyzed on an individual basis." *Id.* "When a party has asserted a statute of limitations issue in a rule 12(b)(6) motion, the Court accepts all well-pleaded factual allegations in the complaint as true and views them in the light most favorable to the plaintiff to determine whether the statute of limitations has run. *Lyomon v. Aramark Corp.*, 728 F. Supp. 2d 1207, 1215 (D.N.M. 2010) (citing *Sunrise Valley, LLC v. Kempthorne,* 528 F.3d 1251, 1254 (10th Cir.2008)).

Ms. Assed failed to plead with sufficient factual specificity that Defendants' alleged FDCPA violations occurred within the one-year statute-of-limitations. According to the Complaint, Defendants wrongfully obtained a Writ of Garnishment against Ms. Assed's employer on February 18, 2020. Doc. 23-1 at 3. Although Ms. Assed asserts she has "suffered significant financial losses, emotional distress, and damage to her reputation" after the Writ was issued, she set forth no specific dates in which her wages were garnished or Defendants otherwise violated the FDCPA. In fact, February 18, 2020 is the latest date Ms. Assed specifically referenced in her Complaint. Ms. Assed did not file her initial complaint in New Mexico state court until August 25, 2021—more than four months after the FDCPA statute-of-limitations had run. Doc. 1-1.

Ms. Assed's assertion in her response to Defendants' Motion to Dismiss that the Writ of Garnishment was first served in August 2021 and that her wages were garnished thereafter cannot save her deficient Complaint. The Court may only consider the sufficiency of Plaintiff's allegations "within the four corners of the complaint" when ruling on a Rule 12(b)(6) motion to dismiss. *Mobley v. McCormick*, 40 F.3d 337, 340 (10th Cir. 1994). The facts asserted in Ms.

Assed's Complaint suggest that the FDCPA statute-of-limitations had run before she filed her complaint. As such, Ms. Assed has not stated a cognizable claim, and the Court dismisses her claims against Defendants in Count IV pursuant to Rule 12(b)(6).

## CONCLUSION

For the reasons stated in this Opinion, Ms. Assed has alleged a plausible claim for relief against Defendants in Count I and failed to state a claim against Defendants in Count IV. Accordingly, Defendants' Motion to Dismiss Counts I and IV of Plaintiff's First Amended Complaint is **GRANTED IN PART and DENIED IN PART**.

- Defendants' Motion to Dismiss claims asserted against Eliza Guglielmo and Guglielmo & Associates in Count I is **DENIED**.

- Defendants' Motion to Dismiss claims asserted against Eliza Guglielmo and Guglielmo & Associates in Count IV is **GRANTED**.

**IT IS SO ORDERED**.

_____
WILLIAM P. JOHNSON
CHIEF UNITED STATES DISTRICT JUDGE